UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLEY BOONE,

    Plaintiff,

v.                                        Case No. 13-CV-13457

SETERUS, INC., a Delaware corporation;     HON. MARIANNE O. BATTANI
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a public government-
sponsored enterprise; UNKNOWN
TRUSTEE, the currently unknown Trustee
of the asset-backed security at issue; and
UNKNOWN HOLDERS, the currently
unknown certificate-holders of the asset-
backed security at issue,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Before the Court is Defendants' Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc.'s ("Seterus") Motion to Dismiss under Fed R. Civ. P. 12(b)(6). (Doc. No. 5). The Court has reviewed all the relevant filings and finds that oral argument will not aid in resolving this dispute. See E.D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendants' motion as to Counts 3, 4, 5, and 6, and **DENIES** Defendants' motion as to Count 2.

I.    STATEMENT OF FACTS

Plaintiff Kimberley Boone purchased property located at 247 S. Cass Lake Road Waterford, Michigan in December 2002. (Doc. No. 1, Ex. A at ¶ 1). Boone obtained a

$181,300 loan, secured by a mortgage on the property granted to Countrywide Home Loans, Inc. ("Countrywide"). (Doc. No. 1, Ex A at ¶ 9).  In October, 2012, Countrywide assigned the mortgage and promissory note to Fannie Mae. (Doc. No. 7, Ex. 2).  Seterus was the loan's servicer. (Id., Ex. 5).

Boone began having financial difficulties after her husband died, and she was diagnosed with cancer. (Doc. No. 1, Ex. A at ¶ 30).  She defaulted on her loan, and Seterus offered her a trial period plan ("TPP") that required her to make scheduled payments.  Because Boone did not make the required payments under the TPP, Seterus denied a loan modification. (Doc. No. 7, Ex. 4).  Seterus also denied Boone's other attempts at a loan modification or foreclosure alternatives because of her financial circumstances. (Doc. No. 7, Exs. 5, 6).  Specifically, Seterus was unable to create an affordable payment and her unemployment income was not a "valid income source." (Id.).  Fannie Mae began foreclosure proceedings after denying a loan modification.  The original foreclosure sale was scheduled for August 6, 2013, but was adjourned to October 29, 2013.

Boone alleges that the reason for her default was that Seterus instructed her to breach her mortgage.  (Doc. No. 1, Ex. A at ¶ 32).  Specifically, she alleges that when she requested assistance and a loan modification, Seterus instructed her that the only way she could qualify is if she were to fall behind on her payments. (Id.).  Boone alleges that Defendants purposely delayed consideration of foreclosure alternatives by repeatedly requesting documents that it had already received as a stall tactic so that it could foreclose and keep her from redeeming the property. (Doc. No. 1, Ex. A at ¶¶ 38- 42).  Boone alleges that Defendants did this so that she would fall into default, allowing

2

Defendants to foreclose and obtain government bailout funds. (Doc. No. 1, Ex. A at ¶ 41).

Defendants timely removed the Oakland County Circuit Court action to this Court and filed a motion for judgment on the pleadings. Boone voluntarily dismissed counts 1, 7, and 8. (Doc. No. 15). Counts 2, 3, 4, 5, and 6 remain.

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

3

Moreover, when documents are referenced in a complaint and are central to the claims, the court may consider them in resolving a motion to dismiss. Weiner v. Klais and Co., 108 F.3d 86, 88 (6th Cir. 1997) (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

### III. ANALYSIS

Boone has five counts that were not voluntarily dismissed: Count 2, breach of contract; Count 3, intentional fraud; Count 4, constructive fraud; Count 5, tortious interference with contractual relations; and Count 6, civil conspiracy.

#### A. Breach of Contract

In Count 2, Boone brings a breach of contract claim, alleging that Defendants breached the requirements of the mortgage contract by failing to credit payments Boone made. (Doc. No. 1, Ex. A at ¶¶ 110-116). A plaintiff bringing a breach of contract claim must establish three elements by a preponderance of the evidence: (1) the existence of a contract between the parties; (2) the other party breached the contract; and (3) the plaintiff suffered damages. Miller-Davis Co. v. Ahrens Const., Inc. (On Remand), 817 N.W.2d 609, 619 (Mich. Ct. App. 2012) appeal granted in part, 831 N.W.2d 234 (Mich. 2013) and appeal granted, 838 N.W.2d 706 (Mich. 2013) (citations omitted). As to breach of contract, when performance of a duty is required by a contract, nonperformance of that duty constitutes breach. Woody v. Tamer, 405 N.W.2d 213, 216 (Mich. Ct. App. 1987).

Here, Boone alleges that Defendants breached the requirements listed in paragraphs 1 through 5 of the mortgage by failing to credit her for payments she made,

4

and then foreclosing.  (Doc. No. 1, Ex. At at ¶ 113).  In <u>Thill v. Ocwen Loan Servicing, L.L.C.</u>, No. 13-14151, 2014 WL 1274080 (E.D. Mich. March 31, 2014), the court dismissed a claim advancing the very same argument.  The court acknowledged the theory giving rise to the claim--that "lenders had a financial incentive to cause foreclosures" so they could participate in "government bailout programs."  <u>Id.</u> at *4 (citing <u>Baumgartner v. Wells Fargo Bank, N.S.</u>, 2012 WL 223154 at *5 (E.D. Mich. June 15, 2013)).  The <u>Thill</u> court concluded that the theory fell short of the Rule 12(b)(6) standards because the plaintiff failed to identify "what payments were made, when or how they were suppose to be credited, what mistakes were made, why they are considered mistakes under the contract, etc."  2014 WL 12704080 at * 4 (quoting <u>Anderson v. Bank of America</u>, 2013 WL 5770507 at *4 (E. D. Mich.  Oct. 24, 2013)).

This Court agrees with the analysis.  Boone supplies no factual allegations as to how Seterus failed to credit Plaintiff for payments made. She merely offers a "threadbare recital[] of the elements of a cause of action."  <u>Iqbal</u>, 556 U.S. at 678.  Therefore, the Court dismisses Count 2.

### B.   Tortious Interference with Contractual Relations

In Count 5, Boone brings a claim of tortious interference with contractual relations.  Specifically, she claims that the Trustee and Holders of the asset-backed security unjustifiably instigated Seterus to breach the contract in order to collect bailout funds for foreclosing on the property.

It is well-established law in Michigan that a plaintiff must allege all three elements of a tortious interference with a contract claim: (1) an existing contract between the parties; (2) a breach of that contract; and (3) unjustified instigation of the breach by the

5

alleged tortfeasor. Mahrle v. Danke, 549 N.W.2d 56, 60 (Mich. Ct. App. 1996) (citations omitted). As to the third element, a plaintiff must allege "the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." Jim-Bob, Inc. v. Mehling, 443 N.W.2d 451, 462 (Mich. Ct. App. 1989). As to the latter situation, a plaintiff must "demonstrate, with specificity, affirmative acts by the interferor which corroborate the unlawful purpose of the interference." Feldman v. Green, 360 N.W.2d 881, 886 (Mich. Ct. App. 1984) (per curiam).

There is no question that Boone alleged that there was a contract and that Defendants breached this contract. As to the third requirement, Boone's allegations suggest Defendants acted lawfully but maliciously and with unjustified intention of invading Plaintiff's contractual rights as to her mortgage. Specifically, Boone alleges that the Trustee or Holders caused Seterus to breach the contract to "effectuate a bailout or cash in on a private mortgage insurance policy, via the foreclosure of the Mortgage." (Doc. No. 1, Ex. A at ¶ 154). Further, Boone alleges that she suffered damages due to the "unjustified instigation of the breach of contract caused by the Trustee and/or Holders." (Doc. No. 1, Ex. A at ¶ 155). Even though Boone does allege conduct that is more than a mere recital of the elements of this claim, she does not make these allegations with the specificity required by Michigan Law. See Green, 360 N.W.2d at 886. Boone fails to include any allegations as to what affirmative acts were involved in the collaboration. Under Michigan law, she "must demonstrate, with specificity, affirmative acts by the interferor which corroborate the unlawful purpose of the interference." Meyer v. Citimortgage, Inc., No. 11-13432, 2012 WL 511995, at *4

6

(E. D. Mich. Feb.16, 2012).  Accord Hewitt v. Bank of Am. NA, 1:13-CV-310, 2013 WL 3490668 (W.D. Mich. July 11, 2013) (observing that these allegations fall short of the specificity required under Michigan law to show the unlawful purpose, because the plaintiff did not allege any specific acts on any of the parties that could be construed as showing an unlawful purpose behind the breach of contract).  Therefore, this count must be dismissed.

### C. Intentional and Constructive Fraud

In Count 3, Boone alleges intentional fraud and, alternatively, she alleges constructive fraud in Count 4.  In Count 3, Boone alleges that Defendants told her to stop making payments on her mortgage to trick her into defaulting on her loan so that Defendants could foreclose and gain profits from bailout or mortgage insurance funds. (Doc. No. 1-1 at 23-24).  Boone also alleges that Seterus misrepresented to her that they had not received loan modification documents when they actually had, as a delay tactic to stall Boone into foreclosure.  (Doc. No. 1-1 at 25).  Finally, Boone alleges that Defendants fabricated a fraudulent record chain of title by forging a mortgage assignment.  (Doc. No. 1-1 at 26).  In the alternative, in Count 4, Boone alleges that Defendants committed these fraudulent actions without a purposeful design to defraud. (Doc. No. 1-1 at 27).

Under Fed. R. Civ. P. 9(b), a plaintiff is required to state with particularity the circumstances constituting fraud.  A complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Frank v. Dana Corp., 574 F.3d 564, 569-70 (6th Cir. 2008) (quoting Gupta v. Terra Nitrogen

7

Corp., 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998). This means that a plaintiff must, at minimum, state where and when the misrepresentation took place and what was said. Id. (citing Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984)).

Boone's complaint does not meet the Rule 9(b) pleading requirements relative to the loan modification process. She does not state when the alleged misrepresentations took place, or who made the misrepresentations, and she does not go into detail as to the content of these conversations. Because Boone's fraud allegations pertaining to the loan modification process do not meet the minimum pleading requirements Under Rule 9(b). Therefore, the fraud claims must be dismissed.

To the extent that Boone proceeds on her allegation that the mortgage assignment was forged or fraudulent, she lacks standing. A debtor may only challenge the validity of an assignment of the debt if a defense would render that assignment "'absolutely invalid or ineffective, or void.'" Livonia Properties Holdings, LLC v. 12840-12796 Farmington Road Holdings, LLC, 399 F. App'x 97, 102 (6th Cir. 2010) (quoting 6A C.J.S. Assignments § 132 (2010)). Debtors can challenge these assignments as void to "protect themselves from having to pay the same debt twice." Id. (noting that defenses that would render an assignment void ab initio include nonassignability of the instrument, assignee's lack of title, and prior revocation of the assignment). Grounds that render an assignment merely voidable, including fraud, cannot be challenged by the debtor because the debtor's interest in protecting themselves from having to pay the same debt twice is not present. See id.; see also Livonia Properties Holdings, LLC v. 12840-12796 Farmington Road Holdings, LLC, 717 F. Supp. 2d 724, 736 (E. D. Mich. 2010). Here, because Boone's challenge to the assignment is grounded in fraud,

8

she does not have standing because fraud merely renders an assignment voidable, rather than absolutely void.

### D. Civil Conspiracy

In Count 6, Boone claims that Defendants conspired one another with the intent to commit the torts alleged in her complaint in order to force her into foreclosure so they could "effectuate a bailout." (Doc. No. 1-1 at 29-30).

In Michigan, civil conspiracy is defined as "a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." Urbain v. Beierling, 835 N.W.2d 455, 463 (Mich. Ct. App. 2013) (quoting Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 670 N.W.2d 569, 580 (Mich. Ct. App. 2003), aff'd, 693 N.W.2d 358 (Mich. 2005)). Establishing the concerted action element requires a plaintiff to prove "'that all defendants acted tortiously pursuant to a common design' that caused harm to the plaintiff." Id. (quoting Abel v. Eli Lilly & Co., 343 N.W.2d 164 (Mich. 1984)). Civil conspiracy is not actionable as a standalone claim; it requires an underlying tort. See, e.g., Cousineau v. Ford Motor Co., 363 N.W.2d 721, 730 (Mich. App. 1985) (citations omitted).

In this case, any torts that Boone alleged are dismissed, either in this opinion or voluntarily by Boone. Consequently, Boone's civil conspiracy claim must fail because all of the claimed underlying torts have been dismissed.

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

DATE: April 15, 2014

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

                                              s/Bernadette M. Thebolt
                                              Case Manager